UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **NETWORKS USA XVIII, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1760SNL |
| ) | |
| **DENNY'S INC.,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss Counts V and VI of Plaintiff's Complaint filed by Defendant Denny's Inc. (#8). Plaintiff, Networks USA XVIII, Inc., has filed a Memorandum in Opposition to the instant Motion, to which the Defendant has replied. The instant Motion is now ripe for ruling. This case is set for a jury trial on September 18, 2006.

### Motion to Dismiss

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1603, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

The Court must view the complaint in the light most favorable to the plaintiff and should not dismiss it merely because the Court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). With this standard in mind, the Court turns to an examination of the Petition.[1]

**Background**

Plaintiff commenced this action against the Defendant on November 12, 2004, by filing a six-count Petition in the Circuit Court of the City of St. Louis, State of Missouri. The Petition seeks recovery of actual and statutory damages for breach of lease and waste allegedly caused by Defendant pursuant to two leases of Plaintiff's real property. On December 17, 2004, Defendant filed a Notice of Removal removing the Petition to this Court. On January 12, 2005, the Defendant filed its Answer to Counts I-IV, and the Defendant filed the instant Motion.

Plaintiff asserts that it is the owner of two parcels of real property and improvements, one is located in Missouri and the other is located in Indiana. Plaintiff allegedly leased both properties to the Defendant, pursuant to written leases. (Pet. ¶¶ 3, 4, 8 and 9). Plaintiff argues that, pursuant to the leases, the Defendant agreed to "maintain the leased premises and the improvements thereon, in the same condition in which they were received, reasonable wear and tear, depreciation, damage and loss from the elements, loss covered by insurance, and other occurrences beyond the reasonable control of Lessee excepted." (Pet. Ex. 1, 3). Plaintiff further

---

[1] As discussed, *infra*, the Plaintiff filed its Petition in state court which was removed to this Court. The term "Complaint" and "Petition" are used synonymously in the instant order to refer to the same document.

alleges that Defendant breached the lease terms and committed waste by failing to maintain the properties, to repair damage to the properties, and to use reasonable diligence in the care and protection of the properties. (Pet. ¶¶ 18, 35). Plaintiff also alleges that the Defendant wantonly committed waste. (Pet. ¶¶ 27, 43).

Counts I and IV of Plaintiff's Petition seek the cost of repairing the injury to the Missouri Property and Indiana Property, respectively, as damages for breach of the lease. (Pet. ¶¶ 19, 36). Counts II (for the Missouri property) and V (for the Indiana property) claim damages for waste committed under a lease pursuant to Mo. Rev. Stat. §537.420 (2000). (Pet. ¶ 25, 41). Lastly, Counts III and VI assert claims under Mo. Rev. Stat. §537.490 (2000) for the waste "wantonly committed" by Defendant. (Pet. ¶ 29, 45).

Defendant moves to dismiss Counts V and VI on the grounds that Missouri's statutory waste laws do not apply to the Indiana Property. Specifically, Defendant argues that under Missouri conflict of law rules, the two statutory tort claims must be dismissed because Indiana, not Missouri, law governs claims relating to damage to or destruction of real property located in Indiana. Plaintiff argues that Defendant's Motion must be denied because the application of the proper choice of law rules, for contract and not tort, reveal that Missouri is the state with the most significant relationship to the claims alleged by Plaintiff.

## Discussion

The issue in this case is whether Missouri or Indiana law applies pursuant to the claims at issue under the relevant conflict of laws doctrine. First, the Court must determine if the two claims in the instant Motion are tort or contract claims. Then, this Court must apply the proper conflict of laws doctrine based on the nature of the claims.

- 3 -

Counts V and VI of the Petition are claims for statutory waste which are tort claims under Missouri law. "A waste action is a property tort existing ... at common law." 34 Missouri Practice Series § 52.1a (West 2004). The statutory waste offenses, charged in Counts V and VI are contained in Chapter 537 of the Revised Statues of Missouri, which is entitled "Torts and Actions for Damages." See, e.g., White v. Marshall, 83 S.W. 3d 57, 62 (Mo.Ct.App. 2002). Therefore, finding that the two claims at issue are tort claims, this court must apply the conflict of laws doctrine applicable to tort actions.[2]

Missouri has adopted the Restatement (Second) of Conflict of Laws §145 (1971) which requires its courts, and federal courts sitting in diversity jurisdiction, in tort cases to apply the substantive law of the state having the "most significant relationship to the occurrence and the parties..." as determined by taking into account the following contacts:

(a) the place where the injury occurred;

(b) the place where the conduct causing the injury occurred;

(c) the domicile, residence, nationality, place of incorporation

and place of business of the parties; and

(d) the place where the relationship, if any, between the parties is centered.

Kennedy v. Dixon, 439 S.W.2d 173, 184 (Mo. Banc 1969); Thompson v. Crawford, 833 S.W.2d 868, 870 (Mo. Banc. 1992); Osterhold v. St. Charles Drilling Company, Inc., 500 F.Supp. 529, 532-33 (E.D. Mo. 1980); Galvin v. McGilley Memorial Chapels, 746 S.W.2d 588, 590 (Mo. Ct. App. 1987).

---

[2]This Court expresses no opinion on how the Plaintiff would fare if the relevant claims could be construed in such a way that Missouri contract choice of laws principles were to apply because it is clear to this Court that the relevant claims are tort actions.

Here the alleged injury occurred in Kokomo, Indiana which was also the place where the conduct, alleged to have caused the injury, would have occurred. (Pet. ¶¶ 1, 39, 43). Moreover, Plaintiff is a Florida corporation, the residence of which is not alleged in the Complaint, and Defendant is a California corporation with its principal place of business in Spartanburg, South Carolina. (Pet. ¶¶ 1, 2). Finally, there is no allegation in the Complaint as to the "place where the relationship, if any, between the parties is centered," but as to Counts V and VI, alleging claims for waste to real property located in Kokomo, Indiana, there is no indication whatsoever on these pleadings that Missouri is such a "center."

The only alleged contacts with Missouri are trips by Defendant's predecessor to Missouri to negotiate and sign the South Reed Lease in 1973 and Plaintiff's predecessor's residence in Missouri at that time. (Pet. ¶ 8). Therefore, as Missouri has no contact with the subject real property or any alleged waste claims relating thereto, Counts V and VI of the Complaint, alleging violations of Missouri statutes should be dismissed. Indiana law, not Missouri law, applies to the subject claims relating to alleged damage to and waste of real property located in Kokomo, Indiana.

Accordingly,

**IT IS HEREBY ORDERED** that Denny's Inc.'s Motion to Dismiss Counts V and VI of Plaintiff's Complaint (#8) be and hereby is **GRANTED**.

Dated this  18th  day of July, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE