UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **NETWORKS USA XVIII, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04-cv-1760 SNL |
| ) | |
| **DENNY'S INC.,** ) | |
| ) | |
| Defendant. ) | |

# ORDER

This is before the Court on Plaintiff's Motion in Limine (No. 99) and Defendant's Motions in Limine (Nos. 96, 98, 103, and 104). The Court will address each motion in turn.

Plaintiff's Motion in Limine (#99)

1. Plaintiff's request to bar any evidence Denny's has failed to produce during discovery is **GRANTED**.

2. Plaintiff's request to bar any evidence regarding the pending condemnation action at the Indiana property is **DENIED**. The condemnation is sufficiently final. Howard County has taken title to the property and demolished the building upon it. In addition, $520,000 has been deposited with a court to compensate Plaintiff for the taking. Although Plaintiff retains the right to appeal this amount and seek additional damages, Howard County has permanently taken possession of the property. That is sufficient. *See State v. Flamme*, 26 N.E.2d 917, 919-20 (Ind. 1940); *Anthrop v. Tippecanoe School Corp.*, 295 N.E.2d 637, 641 (Ind. App. 1973).

3. Plaintiff's request to bar any opinion testimony regarding the value or diminution of value in Plaintiff's property is **GRANTED**. As Defendant failed to designate an expert witness, no opinion testimony will be allowed.

4. Plaintiff's request that any testimony and/or evidence contradictory to the Rule 30(b)(6) testimony of the Denny's Corporate Designee and the Corporate Designees of Denny's Subtenants is **DENIED**. A corporate designee "is no more bound than any witness is by his or her prior deposition testimony." *R & B Appliance Parts, Inc. v. Amana Co.*, 258 F.3d 783, 786 (8th Cir. 2001).

Defendant's Motion in Limine to Bar Damages Evidence (Kokomo Property) (#96)

1. Defendant's request to bar evidence from Plaintiff's damages expert, Robert Helton, is **DENIED**.

2. Defendant's request to bar evidence regarding unpaid rent after November, 2006 is **GRANTED**.

3. Defendant's request to bar evidence regarding unpaid rent claims from November, 2004 through November, 2006 is **DENIED**.

Defendant's Motion in Limine to Bar Evidence of Alleged Waiver of Paragraph 25 (#98)

Defendant's request to bar evidence of the parties negotiation surrounding Paragraph 25 is **GRANTED**. If the contractual change was never effected, any evidence surrounding the negotiation would be irrelevant and serve only to confuse.

Defendant's Motion in Limine (Missouri Property) (#103)

1. Defendant's request to bar evidence of any claims or allegations made by Plaintiff that have been previously dismissed by the Court or on which summary judgment has been granted is **GRANTED**.

2. Defendant's request to bar evidence of any other claims or suits or allegations made by others, not parties to this suit against Denny's is **GRANTED**.

3. Defendant's request to bar any references to insurance for liability on the part of Defendants or any reference to any witness doing work for insurance companies is **GRANTED** except with reference to the lease's contractual language.

4. Defendant's request to bar any reference to the ability of the heating units on the roof to property heat the space and operate is **DENIED**.

5. Defendant's request surrounding Timothy Flemming's 30(b)(6) deposition was addressed above.

6. Defendant's request to bar Plaintiff from introducing any testimony of Defendant's expert witnesses is **DENIED**. Plaintiff is free to cross-examine Defendant's witnesses and introduce deposition testimony and any other evidence within the scope of the witnesses' direct examination.

7. Defendant's request to bar Plaintiff from introducing testimony and arguing liability on the basis of maintenance is **DENIED**.

8. Defendant's request to bar any testimony regarding other restaurants in the area is **GRANTED**.

9. Defendant's request to bar any testimony regarding the electrical system's functionality is **DENIED**.

10. Defendant's request to bar any testimony regarding the interior of the restaurant unrelated to the electrical closet or the equipment/fixtures is **DENIED**.

11. Defendant's request to bar evidence of any alleged defects that no witness can testify existed at the time of the expiration of the lease for the Missouri property is **GRANTED**, subject to the clarification that no witness need be physically present at the Missouri property at the precise moment of the lease expiration to testify about a condition that, in their expert opinion, existed at the time the lease expired.

Defendant's Motion in Limine (Experts) (#104)

1. The Court will not reconsider its findings surrounding Plaintiff's experts, Vickie Gerdes and Gary Leabman. All such requests are **DENIED**.

2. Defendant's request that Gerdes be prevented from testifying as to any of the rooftop equipment is **DENIED**.

3. Defendant's request to bar the contractors as fact witnesses is **DENIED**. Any issues can be addressed through objections at trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine (#96) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine (#98) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (#99) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine (#103) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine (#104) is **DENIED**.

Dated this 19th day of January, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE